IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FRIEL, : No. 3:25cv882
individually and on behalf of a class :
of all persons and entities similarly : (Judge Munley)
situated, :
            Plaintiff :
   v. :
:
ETN AMERICA INC. and SHLOMI :
COHEN, :
           Defendants :

## ORDER

On May 19, 2025, Plaintiff Joseph Friel filed this putative class action pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, ("TCPA"), against Defendants ETN America, Inc. ("ETN") and Shlomi Cohen. (Doc. 1). Friel's complaint sought to represent a nationwide class of robocall recipients and a class of recipients on the National Do Not Call Registry ("DNCR"). Id.

As alleged, ETN operates a website, contractors99.com, and, in furtherance of that business, placed pre-recorded telemarketing calls. Id. ¶¶ 25–27. Friel alleges that he received five (5) telemarketing calls from ETN at his personal, residential telephone number, which is on the DNCR. Id. ¶ 30. According to the complaint, Friel has never been a customer of ETN or Cohen. Id. ¶ 31.

On May 13, 2025, "to identify the identity of the identity [sic] of the individuals calling him illegally, and for no other reason," Friel engaged with the telemarketing call. Id. ¶ 37. The call began with a prerecorded voice, possibly using an AI-powered telephone agent or a Mechanical Turk worker, i.e., a human being powering what appears to be a machine-driven process. Id. ¶ 34. That voice began asking recorded questions about home improvements and windows. Id. ¶ 35. Friel's complaint did not detail his answers, but eventually, he was transferred to "a human being who was obviously human." Id.

Afterward, Friel received text solicitations for window replacements and home contractor services. Id. ¶ 38. He included screenshots of seven (7) text messages to his iPhone device in the complaint. Id. Some of the messages identify the sender as "Tom" or "Mike" from "Install America." Other messages provide links to ETN's contractors99.com website or to a toll-free number. Id.

Friel filed this action six (6) days later. The complaint asserts two causes of action against ETN and Cohen, one on behalf of a proposed Robocall Class under 47 U.S.C. § 227(b) and one on behalf of a proposed DNCR Class under 47 U.S.C. § 227(c)(5). Friel also seeks to hold Defendant Cohen individually liable under the TCPA, 47 U.S.C. § 217. Friel alleges that Cohen personally participated in the violations by: "(a) selecting the script that was going to be used on the calling; (b) personally approving in the call center operations and (d)

2

[*sic*] personally authorizing any other telemarketing conduct of ETN America." Id. ¶ 23.

An affidavit from a professional process server indicates that the summons and complaint were served upon Defendant ETN on June 2, 2025. (Doc. 6). Counsel entered their appearance for both ETN and Cohen on June 24, 2025. (Doc. 9). Defendants also filed four motions to extend the time to respond to Friel's complaint, which, for good cause, were granted by the court. (Docs. 7–8, 11–17). Defendants' motions were unopposed by Friel and were supported, in part, by averments that the parties were negotiating a settlement. (See Doc. 11, ¶ 5 (advising of settlement negotiations); Doc. 14, ¶ 5 (advising of an agreement in principle); Doc. 16, ¶ 5 (advising of the parties reaching a formal written agreement)). Upon consideration of the defendants' last motion for extension of time, the court set an August 22, 2025 deadline for a status of the settlement agreement and an August 25, 2025 deadline for defendants to answer, file a motion, or otherwise respond to Friel's complaint. (Doc. 17).

On August 22, 2025, counsel for defendant advised that the parties had fully executed a "conditional settlement agreement" and anticipated submitting a stipulation of dismissal within the next 90 days. (Doc. 18). The parties requested that the case be closed for administrative purposes. Consequently, the court

entered an order administratively closing the case on August 25, 2025 and provided the parties with 90 days to consummate the settlement. (Doc. 19).

Approximately 45 days later, on October 9, 2025, the parties submitted a letter to the court advising that settlement would not be completed. (Doc. 20). That is, the parties advised that one of the conditions of settlement ostensibly allowed Friel to make written discovery demands of the defendants. Id. According to the letter, Friel had served an interrogatory seeking to learn the identity of the individual or entity that provided defendants with the business leads that led to the five (5) telemarketing calls described in plaintiff's complaint.[1] Id. Defendants, citing a contractual confidentiality agreement with the lead provider, objected to the request and refused to disclose their identity. Id.

The parties' letter makes two requests. First, the parties request that a "telephonic discovery conference" be conducted in accordance with the undersigned's usual practices and preferences. Id. Second, plaintiff requests that the court reopen this matter. Id.

After consideration of the parties' letter requests, the court will not schedule a "telephonic discovery conference" at this time. The court is not a party to the

---

[1] As an aside related to lead compliance, Friel had filed at least four (4) putative class actions alleging violations of the TCPA prior to May 2025. See Friel v. North Star Ins. Advs., LLC, No. 3:24cv481; Friel v. Line 5, LLC, No. 3:24cv1866; Friel v. Selectquote Ins. Servs., Inc., No. 3:25cv153; Friel v. Gabriel A. Levy, P.C., No. 3:25cv502.

4

written settlement agreement, conditional or not. Thus, a request to conduct a "telephone discovery conference" really seeks an informal ruling from the court interpreting the terms of a settlement agreement in the absence of a motion to enforce filed by either party.

Instead, defendants will be directed to respond to Friel's complaint in seven (7) days. The court will address any discovery disputes at a case management conference. The conference will be scheduled at an appropriate time after this litigation resumes on a court record. Consequently, for the reasons set forth above, it is hereby **ORDERED** that:

1) The Clerk of Court is directed to reopen this matter; and

2) Defendants shall answer, file a Rule 12(b) motion, or otherwise respond to the complaint **on or before October 29, 2025**.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court

10/22/25