## UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>ETN AMERICA INC. and SHLOMI COHEN,<br><br>          Defendants. | Civil Action No.: 3:25-cv-00882-JKM<br><br>**DEFENDANTS' ANSWER AND STATEMENT OF DEFENSES TO CLASS ACTION COMPLAINT** |

COMES NOW Defendants ETN America Inc. and Shlomi Cohen (collectively, "Defendants"), by and through undersigned counsel, and file their Answer and Affirmative Defenses to Plaintiff's Class Action Complaint ("Complaint"). Defendants respond to each allegation in the Complaint as follows. Any allegation not expressly admitted is denied.

## PRELIMINARY STATEMENT

Plaintiff Joseph Friel ("Plaintiff") and Defendants have entered a binding "Conditional Settlement Agreement" that provides for a release of all claims asserted in this action (on an individual non-class basis) and mandates dismissal of this action (on an individual non-class basis) after certain discovery specified in the Conditional Settlement Agreement is completed. Nothing in this Answer is intended to be, or should construed as, a termination, waiver or novation of the Conditional Settlement Agreement or of any terms thereof, all of which remain in full force and effect. Nothing in this Answer is intended to be, or should construed as, a waiver of any rights with respect to the Conditional Settlement Agreement, all of which are expressly reserved.

## ANSWER[1]

### [Preliminary Statement]

1.      Paragraph 1 of the Complaint consists of legal argument, conclusions of law, and quotations from judicial opinions, to which no response is required. To the extent it contains any factual allegations, they are denied.

2.      Paragraph 2 of the Complaint consists of legal argument and conclusions of law, to which no response is required. To the extent it contains any factual allegations, they are denied.

3.      Paragraph 3 of the Complaint consists of legal argument, conclusions of law, and quotations from legislative history and regulations, to which no response is required. To the extent it contains any factual allegations, they are denied.

4.      Paragraph 4 of the Complaint consists of legal argument, conclusions of law, and quotations from judicial opinions and regulations, to which no response is required. To the extent it contains any factual allegations, they are denied.

5.      Defendants deny the allegations in Paragraph 5 of the Complaint.

6.      Defendants deny the allegations in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint consists of legal argument and conclusions of law regarding class certification, to which no response is required. To the extent it contains any factual allegations, they are denied. Defendants specifically deny that a class action is appropriate or superior.

---

[1] Defendants include here (in brackets) certain headers and footnotes in the Complaint, which do not make independent factual averments, and to which no response is required. To the extent a response is required, Defendants deny any allegation in the headers or footnotes of the Complaint. Any allegation not expressly admitted herein is denied in full.

178642184.3

**[Parties]**

8.      Defendants admit that Plaintiff purports to be a resident of this District and deny the remainder of the allegations in Paragraph 8.

9.      Defendants admit that ETN America Inc. is a corporation organized under the laws of California and deny the remainder of the allegations in Paragraph 9.

10.     Defendants admit that Shlomi Cohen is a resident of California and deny the remainder of the allegations in Paragraph 10.

**[Jurisdiction & Venue]**

11.     Paragraph 11 consists of a legal conclusion regarding subject matter jurisdiction, to which no response is required. Defendants admit only that the Complaint purports to arise under federal law.

12.     Paragraph 12 consists of legal conclusions regarding personal jurisdiction, to which no response is required. Defendants deny that this Court has personal jurisdiction over them.

13.     Paragraph 13 consists of legal conclusions regarding venue, to which no response is required. Defendants deny that venue is proper in this District.

**[The Telephone Consumer Protection Act]**

14.     Paragraph 14 of the Complaint consists of legal argument, conclusions of law, and quotations from legislative history, to which no response is required. To the extent it contains any factual allegations, they are denied.

15.     Paragraph 15 consists of a legal conclusion regarding the TCPA, to which no response is required. To the extent it contains any factual allegations, they are denied.

16.     Paragraph 16 consists of a legal conclusion regarding the TCPA, to which no response is required. To the extent it contains any factual allegations, they are denied.

178642184.3

17.     Paragraph 17 consists of a legal conclusion regarding the National Do Not Call Registry, to which no response is required. To the extent it contains any factual allegations, they are denied.

18.     Paragraph 18 consists of a legal conclusion regarding the National Do Not Call Registry, to which no response is required. To the extent it contains any factual allegations, they are denied.

19.     Paragraph 19 consists of legal conclusions regarding the TCPA and regulations, to which no response is required. To the extent it contains any factual allegations, they are denied.

20.     Defendants deny the allegations in Paragraph 20.

21.     Paragraph 21 consists of legal argument and a quotation from the TCPA, to which no response is required. To the extent it contains any factual allegations, they are denied.

22.     Paragraph 22 consists of legal argument and citations to cases, to which no response is required. To the extent it contains any factual allegations, they are denied.

23.     Defendants deny the allegations in Paragraph 23.

24.     Defendants neither admit nor deny the allegations in Paragraph 24 of the Complaint, but respectfully refer the Court (and Plaintiff) to the public dockets, records, and filings in any referenced lawsuits for their true correct, accurate, and complete contents.

**[Factual Allegations]**

25.     Defendants admit that ETN America Inc. is associated with contractors99.com but deny the remainder of the allegations in Paragraph 25.

26.     Defendants neither admit nor deny the allegations in Paragraph 26 of the Complaint, but respectfully refer the Court (and Plaintiff) to the website referred to therein for its true, correct, accurate, and complete contents.

27.     Defendants deny the allegations in Paragraph 27.

178642184.3

28.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny them.

29.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 29 and therefore deny them.

30.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 and therefore deny them.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 and therefore deny them.

32.     Defendants deny the allegations in Paragraph 32.

33.     Defendants deny the allegations in Paragraph 33.

34.     Defendants deny the allegations in Paragraph 34.

35.     Defendants deny the allegations in Paragraph 35.

36.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 and therefore deny them, except Defendants deny making the referenced robocalls.

37.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 37 and therefore deny them, except Defendants deny making the referenced robocalls.

38.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and therefore deny them, except Defendants deny making the referenced robocalls and respectfully refer the Court (and Plaintiff) to the text messages referred to therein for their true, correct, accurate, and complete contents.

39.     Defendants deny the allegations in Paragraph 39, except respectfully refer the

Court (and Plaintiff) to the text messages referred to therein for their true, correct, accurate, and complete contents.

40.     Defendants deny the allegations in Paragraph 40, except Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations related to Plaintiff's alleged privacy and therefore deny them.

**[Class Action Statement]**

41.     Paragraph 41 is an incorporation by reference, to which no further response is required. All prior denials are reasserted.

42.     Paragraph 42 consists of legal conclusions regarding class claims, to which no response is required. Defendants deny that Plaintiff can maintain this action as a class action.

43.     Paragraph 43 consists of proposed class definitions and legal argument, to which no response is required. Defendants deny that the proposed classes are certifiable.

44.     Paragraph 44 consists of legal conclusions regarding adequacy, to which no response is required. They are denied.

45.     Paragraph 45 consists of legal conclusions regarding exclusions, to which no response is required.

46.     Defendants deny the allegations in Paragraph 46.

47.     Paragraph 47 seeks relief to which Plaintiff is not entitled and requires no response.

48.     Paragraph 48 consists of legal argument regarding ascertainability, to which no response is required. It is denied.

49.     Defendants deny the allegations in Paragraph 49.

50.     Paragraph 50 consists of legal argument regarding numerosity, to which no response is required. It is denied.

178642184.3

51.     Paragraph 51 consists of legal argument regarding superiority, to which no response is required. It is denied.

52.     Paragraph 52 consists of legal argument regarding commonality, to which no response is required. It is denied.

53.     Paragraph 53 consists of legal argument listing purported common questions, to which no response is required. Defendants deny that any common questions predominate or that certification is appropriate.

54.     Paragraph 54 consists of legal conclusions regarding adequacy, to which no response is required. They are denied.

55.     Paragraph 55 consists of legal argument regarding counsel, to which no response is required. It is denied.

56.     Paragraph 56 consists of legal conclusions regarding predominance and superiority, to which no response is required. They are denied.

57.     Paragraph 57 consists of legal argument, to which no response is required. It is denied.

58.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 58 and therefore deny them.

**[FIRST CAUSE OF ACTION**

**Statutory Violations of the Telephone Consumer Protection Act
(47 U.S.C. § 227(b)) on behalf of the Robocall Class]**

59.     Paragraph 59 is an incorporation by reference, to which no further response is required.  All prior denials are reasserted.

60.     Defendants deny the allegations in Paragraph 60.

61.     Paragraph 61 seeks relief to which Plaintiff is not entitled and requires no

178642184.3

response.

62.    Paragraph 62 seeks relief to which Plaintiff is not entitled and requires no response.

63.    Paragraph 63 seeks relief to which Plaintiff is not entitled and requires no response.

## [SECOND CAUSE OF ACTION

### Violation of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)]

64.    Paragraph 64 is an incorporation by reference, to which no further response is required.  All prior denials are reasserted.

65.    Defendants deny the allegations in Paragraph 65, except decline to so much of those allegations as consist of legal argument or conclusion on the basis that no response is required thereto.

66.    Defendants deny the allegations in Paragraph 66, except decline to so much of those allegations as consist of legal argument or conclusion on the basis that no response is required thereto.

67.    Paragraph 67 seeks relief to which Plaintiff is not entitled and requires no response.

68.    Paragraph 68 seeks relief to which Plaintiff is not entitled and requires no response.

## [PRAYER FOR RELIEF]

The Prayer for Relief demands relief to which Plaintiff is not entitled. All allegations therein are denied.

178642184.3

**[JURY DEMAND]**

Defendants incorporate their own Jury Demand below.

## STATEMENT OF DEFENSES

1.      Defendants assert the following defenses without prejudice to any other defense not listed here; without shifting the burden on any issue on which Plaintiff has the burden of proof, production, or persuasion; and reserving the right to assert additional defenses, including, without limitation, based on information disclosed during the course of this action and as justice so requires.

2.      **Conditional Settlement Agreement**:  Plaintiff and Defendants have entered a binding "Conditional Settlement Agreement" that provides for a release of all claims asserted in this action (on an individual non-class basis) and mandates dismissal of this action (on an individual non-class basis) after certain discovery specified in the Conditional Settlement Agreement is completed.  Plaintiffs' claims are barred by the Conditional Settlement Agreement.

3.      **Failure to State a Claim**: The Complaint fails to state a claim upon which relief can be granted.

4.      **Lack of Standing**: Plaintiff lacks Article III standing because he has not alleged any concrete injury-in-fact. Any alleged harm is conclusory, de minimis, and not traceable to Defendants.

5.      **Consent**: Plaintiff and all putative class members provided prior express written consent to receive the calls at issue.

6.      **No Prerecorded Voice**: The calls did not use an artificial or prerecorded voice in violation of the TCPA.

7.      **Not Telemarketing**: The calls were not telemarketing calls but were instead manual dialing or informational calls exempt from the TCPA.

178642184.3

8.      **Established Business Relationship**: Defendants had an established business relationship with Plaintiff and putative class members.

9.      **Residential Subscription Service**: Any calls were to numbers subscribed to a residential subscription service exempt from DNC restrictions.

10.     **Third-Party Conduct**: Any calls were made by independent third parties over whom Defendants had no control.

11.     **Good Faith Compliance**: Defendants acted in good faith compliance with the TCPA, including reliance on a versioned National DNC List and commercially reasonable scrub procedures.

12.     **No Willfulness**: Defendants' conduct was not willful or knowing, barring treble damages.

13.     **Statute of Limitations**: Plaintiff's claims are barred in whole or part by the applicable statutes of limitations, including 47 U.S.C. § 227(b)(3).

14.     **Laches/Equitable Estoppel**: Plaintiff's claims are barred by laches, waiver, and/or equitable estoppel.

15.     **Unclean Hands**: Plaintiff engaged in the calls, requested information, and/or acted in bad faith, barring equitable relief.

16.     **Failure to Mitigate**: Plaintiff failed to mitigate damages.

17.     **Preemption**: Plaintiff's claims are preempted by federal law.

18.     **First Amendment**: Any restrictions violate the First Amendment.

19.     **No Personal Jurisdiction**: This Court lacks personal jurisdiction over Defendants.

20.     **Improper Venue**: Venue is improper; transfer is warranted under 28 U.S.C. §

10

1404 or § 1406.

21.    **Forum Non Conveniens**: California is the proper forum.

22.    **Insufficient Process/Insufficient Service**: Plaintiff failed to properly serve the Complaint.

23.    **Waiver**: Plaintiff waived claims by engaging in calls and requesting callbacks.

24.    **Accord and Satisfaction/Release**: Any claims are barred by prior settlement/release.

25.    **Assumption of Risk**: Plaintiff assumed the risk.

26.    **Contributory/Comparative Negligence**: Plaintiff's negligence bars recovery.

27.    **Privilege/Immunity**: Defendants are entitled to privilege or immunity.

28.    **Statutory Exemption**: Calls qualify for TCPA exemptions (e.g., emergencies, non-commercial).

29.    **Illegality**: Plaintiff's claims are based on his own illegal conduct.

30.    **Fraud in the Inducement**: Plaintiff fraudulently induced any communications alleged, including without limitation by inducing calls for the purposes of "manufacturing" a TCPA claims.

31.    **Reservation of Rights**: Defendants reserve all rights and defenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray for the following relief.

1.    Dismiss the Complaint with prejudice;

2.    Award Defendants their costs and attorneys' fees;

3.    Deny class certification;

4.    Grant such other relief as is just and proper.

178642184.3

## JURY DEMAND

Defendants demand a trial by jury on all triable issues.

Dated: October 29, 2025

Respectfully submitted,

*/s/Corey M. Scher*

FOX ROTHSCHILD LLP
Peter C. Buckley
Corey M. Scher
2001 Market Street, 17th Floor
Philadelphia, PA 19103-3222
Telephone: 215.444-7269
Facsimile: 215.299-2150
cscher@foxrothschild.com
pbuckley@foxrothschild.com

Attorneys for Defendants
*ETN America Inc. and Shlomi Cohen*

178642184.3

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2025, I electronically filed the foregoing **DEFENDANTS' ANSWER AND STATEMENT OF DEFENSES TO CLASS ACTION COMPLAINT** with the Clerk of the Court using the CM/ECF system, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

Anthony I. Paronich                                    Attorneys for Plaintiff JOSEPH FRIEL
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA  02043
Ph:  (617) 485-0018
anthony@paronichlaw.com

Jeremy C. Jackson                                     Attorneys for Plaintiff JOSEPH FRIEL
BOWER LAW ASSOCIATES, PLLC
403 South Allen Street, Suite 210
Ph:  (814) 234-2626
Fx:  (814) 237-8700
jjackson@bower-law.com

Dated: October 29, 2025                               Respectfully submitted,

                                                      /s/Corey M. Scher
                                                      FOX ROTHSCHILD LLP
                                                      Peter C. Buckley
                                                      Corey M. Scher
                                                      2001 Market Street, 17th Floor
                                                      Philadelphia, PA 19103-3222
                                                      Telephone: 215.444-7269
                                                      Facsimile: 215.299-2150
                                                      cscher@foxrothschild.com
                                                      pbuckley@foxrothschild.com

                                                      *Attorneys for Defendants*
                                                      *ETN America Inc. and Shlomi Cohen*

178642184.3