PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com

Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>ETN AMERICA INC. and SHLOMI COHEN<br><br><br>Defendants. | Case No.   25-cv-882<br><br><br><br>**JURY TRIAL DEMANDED** |

**JOINT  CASE  MANAGEMEN PLAN**

Having complied with the meet-and-confer requirements of Local Rule 16.3(a) on December 11, 2025 Case Management Order, the parties submit the following Joint Case Management Plan.

1. **Principal Issues**

    1.1 **Separately for each party, please give a statement summarizing this case:**
       **By plaintiff(s):**

Plaintiff Joseph Friel brought this action under the TCPA alleging that ETN America Inc., oversaw by its owner Shlomi Cohen, marketed services through the use of a telemarketing campaign using pre-recorded messages despite not having the requisite consent to contact those individuals who, like the Plaintiff, were listed on the National Do Not Call Registry. The Plaintiff

180105816.1

seeks to pursue this matter on behalf of a potential class of individuals.

**By defendant(s):** On May 19, 2025, plaintiff Joseph Friel ("Plaintiff") and filed this putative class action pursuant to the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, ("TCPA"), against defendants ETN America Inc. ("ETN") and Shlomi Cohen ("Cohen" and collectively with ETN, "Defendants").  (Doc. 1).  Plaintiff's complaint sought to represent a nationwide class of alleged robocall recipients and a class of recipients on the National Do Not Call Registry ("DNCR").  (*Id*.)  Plaintiff's complaint generally alleges that ETN placed pre-recorded telemarketing calls to Plaintiff, who is on the DNCR, in violation of 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c)(5), and that Cohen is personally liable for ETN's alleged violations pursuant to 47 U.S.C. § 217.  (*Id*.)

On about August 22, 2025, the parties entered a confidential "Conditional Settlement Agreement" contemplating that Plaintiff would dismiss and release all claims against Defendants on an individual (non-class) basis after the completion of certain limited discovery, consisting of a single interrogatory requesting that ETN "Identify the name, address, and contact information of the person(s) or entity(ies) that provided the call lead resulting in ETN's alleged calls to Plaintiff" (the "Limited Discovery").

Because the Limited Discovery potentially implicated certain confidentiality rights of a person or entity that is not a party to this action (the "Third Party"), the Conditional Settlement Agreement provides in substance that ETN may object to the Limited Discovery, and may oppose any applications by Plaintiff to enforce the Limited Discovery, solely on the basis of the Third Party's confidentiality rights.  The Conditional Settlement Agreement makes clear, however, that any such discovery disputes (the "Limited Discovery Dispute"), would not invalidate the Conditional Settlement Agreement and that all terms and conditions of the Conditional Settlement

180105816.1

Agreement would remain in effect notwithstanding any Limited Discovery Dispute. Consistent with the terms of the Conditional Settlement Agreement, on October 6, 2025, Defendants objected to the Limited Discovery as follows:

**INTERROGATORY NO. 1**:

Identify the name, address, and contact information of the person(s) or entity(ies) that provided the call lead resulting in ETN's alleged calls to Plaintiff.

**OBJECTION TO INTERROGATORY NO. 1**:

Defendants object to the Interrogatory on the basis of confidentiality, including on the basis that a written agreement between ETN America Inc. and the entity that provided the lead resulting in ETN's alleged calls to Plaintiff provides in relevant part as follows:

> 6. Confidentiality.
>
> a. "Confidential Information" means any information, data or know-how, whether in oral, written or electronic form (including, without limitation, that relating to developments, methods, inventions, processes, technology, research, engineering, designs, intellectual property, business plans, operations, current or prospective customers or suppliers, agreements with third parties, prices and costs, marketing, budgets or finances) that (A) is disclosed by the disclosing party or its Representatives to, or that is otherwise learned by, the receiving party or its Representatives in the course of discussions or business dealings with the disclosing party, and (B) has been identified as being proprietary and/or confidential or, by the nature of the circumstances surrounding the disclosure or receipt, reasonably ought to be treated as proprietary and/or confidential. Confidential Information also includes, but is not limited to, the terms of this Agreement. Confidential Information does not include information, data or know-how that (i) was legally within the receiving party's knowledge or possession prior to receipt from the disclosing party, (ii) is or becomes generally known to the public other than by a breach of this Agreement, (iii) is lawfully received from a third party who did not have confidentiality obligations to the disclosing party with respect thereto; or (iv) is independently developed by the receiving party without reference to or disclosure of the Confidential Information of the disclosing party, in each case as evidenced by the receiving party's records.
>
> b. During the term of this Agreement and for two (2) years thereafter, neither party shall disclose any Confidential Information of the other party except: (i) as expressly permitted by this Agreement; (ii) as may be required by law, regulation, or order of a court or government agency of competent jurisdiction (provided such other party is given prior written notice of such disclosure requirement and a reasonable time to contest or prevent such disclosure); or (iii) on a need-to-know basis to Representatives who are bound by obligations of confidentiality protecting

180105816.1

the Confidential Information at least as stringent as those provided in this Section 6.

Plaintiff maintains that the requested information is directly relevant to the claims asserted under the TCPA, confidentiality agreements do not supersede discovery obligations under the Federal Rules of Civil Procedure, courts routinely compel disclosure of third-party lead providers in TCPA litigation, and to the extent Defendants have legitimate concerns about confidentiality, Plaintiff submits that those concerns can be addressed through an appropriate protective order under Rule 26(c).

The parties conducted a telephonic meet and confer on October 7, 2025, but were unable to resolve the matter.

In short: (i) the parties' Conditional Settlement Agreement remains valid and enforceable; (ii) no party seeks a ruling enforcing the Conditional Settlement Agreement; (iii) the parties instead jointly request a ruling resolving only the parties' Limited Discovery Dispute; and (iv) the parties anticipate that their negotiated settlement will be completed once the Court resolves the parties' Limited Discovery Dispute.

    1.2    **The facts the parties <u>dispute</u> are as follows:**

- The sole dispute between the parties is the Limited Discovery Dispute described in Part 1.1 above.

    **<u>agree</u> upon are as follows:**

- The parties have settled this action, subject only to the resolution of the Limited Discovery Dispute described in Part 1.1 above.

    1.3    **The legal issues the parties <u>dispute</u> are as follows:**

180105816.1

The sole dispute between the parties is the Limited Discovery Dispute described in Part 1.1 above. **agree upon are as follows:**

The parties have settled this action, subject only to the resolution of the Limited Discovery Dispute described in Part 1.1 above.

1.4 **Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None.

1.5 **Identify any named parties that have not yet been served:**

None.

1.6 **Identify any additional parties that:**

**plaintiff(s) intends to join:**

None.

**defendant(s) intends to join:**

None.

1.7 **Identify any additional claims that:**

**plaintiff(s) intends to add:**

None.

**defendant(s) intends to add:**

None.

**2.0   Disclosures**

180105816.1

The undersigned counsel certify that they that they have settled this case, subject only to the resolution of the Limited Discovery Dispute described in Part 1.1 above.

2.1 **Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

None at this time.  See item 2.0 above.

**3.0 Early Motions**

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

Resolution of the Limited Discovery Dispute identified in Item 1.1 above would resolve all claims asserted in this action.

**4.0     Discovery**

4.1 **Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):**

The only discovery the parties currently anticipate is the Limited Discovery outline in item 1.1 above.  That discovery will be completed, and Plaintiffs' claims against Defendants will be dismissed, following resolution of the Limited Discovery Dispute pertaining to that discovery.

**By defendant(s):**
The only discovery the parties currently anticipate is the Limited Discovery outline in item 1.1 above.  That discovery will be completed, and Plaintiffs' claims against Defendants will be

dismissed, following resolution of the Limited Discovery Dispute pertaining to that discovery.

    **4.2**    **Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

    The only discovery the parties currently anticipate is the Limited Discovery outline in item 1.1 above. That discovery will be completed, and Plaintiffs' claims against Defendants will be dismissed, following resolution of the Limited Discovery Dispute pertaining to that discovery.

    4.3    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

    The parties incorporate their response to item 4.2 above.

    4.4    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

    4.4.1  depositions (excluding experts) to be taken by:

The parties incorporate their response to item 4.2 above.

    4.4.2  interrogatories to be served by:

The parties incorporate their response to item 4.2 above.

    4.4.3  document production requests to be served by:

180105816.1

The parties incorporate their response to item 4.2 above.

      **4.4.4**   requests for admission to be served by:

The parties incorporate their response to item 4.2 above.

    **4.5**   Discovery of Electronically Stored Information

        X Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

        ☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

        ☐

**5.0**   **Protective Order**

    **5.1**   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

    **5.2**   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: The parties respectfully incorporate by reference their response to item 1.1 above.

**6.0**   **Scheduling**

    **6.1**   Plaintiff shall file a Motion to Compel on or before January 5, 2026;

    **6.2**   Defendant's Opposition shall be filed on or before January 19, 2026;

    **6.3**   Plaintiff shall file a Reply, if any, on before January 26, 2026.

6.4     Within seven (7) days of the Court deciding a on Plaintiff's Motion to Compel, the Parties will (a) notify the Court that this matter has been settled and that the Parties will submit a Stipulation of Dismissal with Prejudice separately; or (b) submit a full Proposed Case Scheduling Order for the Court's consideration.

**7.0     Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Name

Joseph Friel

Title

Plaintiff

Mr. Friel can be contacted through Plaintiff's counsel.

Name

Shlomi Cohen ("Mr. Cohen") and ETN America Inc. ("ETN America")

Title

Defendants

180105816.1

Defendants can be contacted through Defendant's counsel.

Address

(215) 444 -7269              Daytime Telephone

**8.0    Alternative Dispute Resolution ("ADR")**

    8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

    N/A.  The case has conditionally settled.  See response to item 1.1 above.

    8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

N/A.  The case has conditionally settled.  See response to item 1.1 above.

    8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

N/A.  The case has conditionally settled.  See response to item 1.1 above.

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636I(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:  Defendant would agree.

All parties agree to jurisdiction by a magistrate judge of this court: _____ Y __X_ N.

180105816.1

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____   Scranton/Wilkes-Barre

_____   Harrisburg

_____Williamsport

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0 Identification of Counsel**

Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.       Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.       Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference.       The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:                  */s/ Anthony I. Paronich*

180105816.1

        Attorney(s) for Plaintiff(s)

        G    ECF User(s)

        G    Waiver requested (as separate document)

        G    Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated:        */s/Corey M. Scher*

Attorneys(s) for Defendant(s)

        X    ECF User(s)

        N/A  Waiver requested (as separate document)

        X    Fed.R.Civ.P.7.1 (statement filed if necessary)*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

4892-8765-3728, v. 1

180105816.1