IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FRIEL, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff<br><br>vs.<br><br>ETN AMERICA INC. and SHLOMI COHEN<br><br>    Defendants. | Case No.   25-cv-882<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION TO COMPEL DEFENDANTS'
RESPONSE TO PLAINTIFF'S LIMITED DISCOVERY INTERROGATORY**

Plaintiff Joseph Friel ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court for an Order compelling Defendants ETN America Inc. and Shlomi Cohen (collectively, "Defendants") to provide a complete answer to Plaintiff's Limited Discovery Interrogatory No. 1.

This Motion is filed pursuant to Fed. R. Civ. P. 26 and 37 and the applicable Local Rules. The parties previously engaged in a telephonic discovery conference with the Court on December 19, 2025, and the issue remains unresolved.

**Certification of Concurrence**

Pursuant to Local Rule 7.01, Counsel for Plaintiff certifies that concurrence in the relief sought was requested from Defendants. Defendants do not concur.

**Certification of Meet-and-Confer**

Pursuant to Local Rule 26.3 Counsel for Plaintiff certifies that the parties met and conferred in good faith regarding this dispute on October 7, 2025 and continued to do so through the Court's December 19, 2025 telephonic discovery conference, but were unable to resolve the

issue without Court intervention.

## Argument

Defendants must identify the third-party entity that provided the calls that resulted in the alleged calls to Plaintiff. Indeed, once that is done the Plaintiff will amend his complaint to name that entity and the remaining will be dismissed. To accomplish that, the Plaintiff served the single discovery request at issue.

Defendants refused to answer, asserting confidentiality provisions in an agreement between ETN and a third party. Confidentiality provisions do not constitute a privilege and do not excuse compliance with federal discovery rules. Any legitimate confidentiality concern can be addressed through a protective order, which the Plaintiff does not oppose. Because Defendants have failed to provide any substantive response, Plaintiff seeks an order compelling a complete answer.

Plaintiff filed this action on May 19, 2025 alleging Defendants initiated prerecorded telemarketing calls to Plaintiff, who is listed on the National Do Not Call Registry.

On or about August 22, 2025, the parties entered into a confidential Conditional Settlement Agreement providing for dismissal following completion of limited discovery. The parties agreed that Plaintiff would serve one limited discovery interrogatory requesting identification of the entity that provided the lead resulting in the calls at issue. The request and the Defendant's objection are below:

**INTERROGATORY NO. 1**:

Identify the name, address, and contact information of the person(s) or entity(ies) that provided the call lead resulting in ETN's alleged calls to Plaintiff.

**OBJECTION TO INTERROGATORY NO. 1**:

Defendants object to the Interrogatory on the basis of confidentiality, including on the

basis that a written agreement between ETN America Inc. and the entity that provided the lead resulting in ETN's alleged calls to Plaintiff provides in relevant part as follows:

> 6. Confidentiality.
>
> a. "Confidential Information" means any information, data or know-how, whether in oral, written or electronic form (including, without limitation, that relating to developments, methods, inventions, processes, technology, research, engineering, designs, intellectual property, business plans, operations, current or prospective customers or suppliers, agreements with third parties, prices and costs, marketing, budgets or finances) that (A) is disclosed by the disclosing party or its Representatives to, or that is otherwise learned by, the receiving party or its Representatives in the course of discussions or business dealings with the disclosing party, and (B) has been identified as being proprietary and/or confidential or, by the nature of the circumstances surrounding the disclosure or receipt, reasonably ought to be treated as proprietary and/or confidential. Confidential Information also includes, but is not limited to, the terms of this Agreement. Confidential Information does not include information, data or know-how that (i) was legally within the receiving party's knowledge or possession prior to receipt from the disclosing party, (ii) is or becomes generally known to the public other than by a breach of this Agreement, (iii) is lawfully received from a third party who did not have confidentiality obligations to the disclosing party with respect thereto; or (iv) is independently developed by the receiving party without reference to or disclosure of the Confidential Information of the disclosing party, in each case as evidenced by the receiving party's records.
>
> b. During the term of this Agreement and for two (2) years thereafter, neither party shall disclose any Confidential Information of the other party except: (i) as expressly permitted by this Agreement; (ii) as may be required by law, regulation, or order of a court or government agency of competent jurisdiction (provided such other party is given prior written notice of such disclosure requirement and a reasonable time to contest or prevent such disclosure); or (iii) on a need-to-know basis to Representatives who are bound by obligations of confidentiality protecting the Confidential Information at least as stringent as those provided in this Section 6.

A party moving to compel discovery bears the initial burden of proving the relevance of the requested information. *Morrison v. Philadelphia Housing Auth.,* 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such

marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *In re Urethane Antitrust Litigation,* 261 F.R.D. 570, 573 (D. Kan. 2009). The identity of the entity that made the calls at issue is directly relevant to Plaintiff's TCPA claims. The source of the lead goes to whether Defendants engaged in the conduct alleged in the complaint and whether Defendants relied upon third parties to generate leads or dial calls.

      This discovery request is narrowly tailored and proportional. Plaintiff seeks only identification and contact information for the lead provider, and the parties agreed to this limited discovery as the sole remaining issue before dismissal. Indeed, Defendants' only stated basis for refusing to answer is that a confidentiality provision prohibits disclosure. Confidentiality provisions do not create privilege and cannot override discovery obligations under the Federal Rules of Civil Procedure. If Defendants believe disclosure would cause harm or business disadvantage, the proper mechanism is a protective order under Rule 26(c), not refusal to respond. The Plaintiff does not oppose such an Order.

## Conclusion

      For these reasons, Plaintiff respectfully requests that the Court grant this Motion and compel Defendants to provide a complete response to Plaintiff's Limited Discovery Interrogatory No. 1 within seven (7) days, and award such further relief as the Court deems just and proper.

Dated: December 31, 2025        */s/ Anthony I. Paronich*
                                               Anthony I. Paronich
                                               PARONICH LAW, P.C.

350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*